# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 21, 2025

\* \* \* \* \* \* \* \* \* \* \* \* \*
MICHAELA AVILA, on behalf of   \*
her minor child, B.A.,   \*
                            \*
                            \*
         Petitioner,   \*            No. 24-249V
                            \*
v.   \*            Special Master Gowen
                            \*
SECRETARY OF HEALTH   \*
AND HUMAN SERVICES,   \*
                            \*
         Respondent.   \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing,* Downing, Allison, & Jorgenson, Phoenix, AZ, for petitioner.
*Christopher Pinto,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 23, 2024, Michaela Avila, on behalf of her minor child, B.A., ("petitioner") filed a motion for interim attorneys' fees and costs. Interim Fees Motion ("Int. Mot.") (ECF No. 20). For the reasons set forth below, I hereby **GRANT** petitioner's motion and award $16,201.66 in interim attorneys' fees and costs.

### I.    Procedural History

Petitioner filed her petition in the National Vaccine Injury Compensation Program ("the program") on February 16, 2024. Petition (ECF No. 1). [2] Petitioner alleged her son B.A. developed encephalitis and an accompanying seizure disorder as a result of the DTaP vaccine he

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the (opinion)." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

received on August 15, 2022. *Id.* The sworn statement of Ms. Avila was filed as were the medical records of her child B.A. Pet'r Ex. 1. On December 26, 2024, petitioner filed a Consented Motion to Substitute her attorney.

Petitioner filed the instant motion requesting $15,776.50 in interim attorneys' fees and $425.16 in attorneys' costs, totaling $16,201.66 in relation to the work performed by her former counsel, Mr. Andrew Downing. Int. Mot. Respondent filed a response to petitioner's motion for interim fees and costs, noting that "respondent defers to the special master to determine whether" petitioner meets the legal standard for an interim fees and costs award. Resp't Resp. to Int. Mot. at 2.

The matter is now ripe for adjudication.

## II.     Entitlement to Attorneys; Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." §15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a belief that the DTaP vaccine B.A. received caused him to develop encephalitis and an accompanying seizure disorder.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). In the instant case, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs based on the supporting documentation filed by petitioner.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are

particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, petitioner requests a total of $16,201.66 in attorneys' fees and costs, which is below the threshold amount described above. This case has been pending for nearly one year. However, petitioner filed the instant motion due to Mr. Downing's withdrawal from the case and from representation in all Program cases.  Accordingly, I find that an award of interim attorneys' fees and costs is appropriate.

### III.    Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

3

### B.  Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2024 can be accessed online.

Petitioner requests a total of $15,776.50 in attorneys' fees for work performed by his attorney, Mr. Andrew Downing, as well as work performed by attorneys Ms. Ann Allison and Ms. Courtney Jorgenson. Petitioner also requests attorneys' fees for work performed by paralegals, Ms. Danielle Avery, Ms. Samantha Perez, and Mr. Alex Malvick. Petitioner requests the following rates for work performed by the above persons in 2024: $485.00 per hour for Mr. Downing; $435.00 per hour for Ms. Allison; $375.00 per hour for Ms. Jorgenson; and $175.00 per hour for Ms. Avery, Mr. Perez, and Mr. Malvick. Petitioner requests the following rates for work performed by the above persons in 2023: $445.00 per hour for work performed by Mr. Downing; $415.00 per hour for work performed by Ms. Ann Allison; $345.00 per hour for work performed by Ms. Jorgenson; and $155.00 per hour for work performed by Ms. Avery and Mr. Malvick. These rates are consistent with the Forum Hourly Rate Schedule as well as with what has previously been awarded for each individual, and I find them to be reasonable for the work performed in the instant case.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The billing entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Int. Mot. at 15-23. Therefore, petitioner is entitled to $15,776.50 in interim attorneys' fees.

### D.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. Ct. 29, 34 (1992). Petitioner requests a total of $425.16 in attorneys' costs. Int. Mot. These costs include the cost of obtaining the hearing transcript, postage, and the cost of medical records. In. Mot. Ex. A at 15-16. Petitioner supported her request for reimbursement of attorneys' costs with payment receipts. The items are typical costs associated with cases in the Vaccine Program, and, thus, are also reasonable. Accordingly, these costs are awarded in full, and petitioner's counsel shall be reimbursed for a total of $425.16 in costs.

**IV.     Conclusion**

In accordance with the above, I find that it is reasonable to compensate petitioner's former counsel, Mr. Andrew Downing, for interim fees and costs. Petitioner's motion for interim fees and costs is **GRANTED.**

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the amount of $16,201.66, to be paid through an ACH deposit to petitioner's former counsel, Mr. Andrew Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

5